HARRIS BEACH PLLC
ATTORNEYS AT LAW

May 6, 2020

445 HAMILTON AVENUE, SUITE 1206
WHITE PLAINS, NY 10601
(914) 683-1200

**VIA ELECTRONIC FILING**

**DARIUS P. CHAFIZADEH**
PARTNER
DIRECT:   (914) 683-1212
FAX:       (914) 683-1210
DCHAFIZADEH@HARRISBEACH.COM

Hon. Vincent L. Briccetti, U.S.D.J.
United States District Court, Southern District of New York
300 Quarropas Street, Room 630
White Plains, NY  10601

RE:     **Koller-Gurgigno v. City of Yonkers, et al. - Dkt. No.: 18-cv-00098 (VB)**

Dear Judge Briccetti:

This firm represents Defendants, the City of Yonkers, Lieutenant Jeremiah Foley, Sergeant (now Lieutenant) James McGovern, Officer Patrick Salierno (now retired) and Officer Vincent Gurgigno, Jr. (collectively, the "City Defendants") in the above-referenced action. Pursuant to the Court's direction, we respectfully submit this pre-motion letter.

On the afternoon of May 19, 2016,[1] Defendant Officer Vincent Gurgigno, Jr., went to his house, located at 222 Gailmore Drive, Yonkers, New York, for a court-ordered visit of his then four year-old daughter. Upon his arrival, he found Plaintiff's boyfriend sitting in a minivan in front of the home. Feeling uncomfortable, and in an attempt to prevent Plaintiff and her boyfriend from lodging any false accusations against him, Gurgigno called his parents ("Mr. & Mrs. Gurgigno") to come to the home. Gurgigno also called the YPD First Precinct and requested a supervisor's presence at his home.

Sgt. McGovern and Officer Salierno responded to the call and, upon their arrival, observed Plaintiff strike the elderly Mrs. Gurgigno. Mrs. Gurgigno immediately began bleeding above her left eye. It appeared that Plaintiff was carrying a cell phone and a set of keys in her hand when she struck Mrs. Gurgigno. Sgt. McGovern separated Plaintiff and Mrs. Gurgigno, and moved Plaintiff to the sidewalk next to the minivan. Sgt. McGovern ordered Plaintiff to place her hands on the vehicle, and then placed her hands in restraints without further incident. Plaintiff was placed in the rear of a radio car and transported to Central Booking by Officer Salierno. All of the above is on a surveillance video from the house, which was produced by Plaintiff during discovery. Plaintiff was arrested for assault in the second degree and harassment in the second degree with physical contact.[2] Officer Salierno took the supporting depositions of witnesses and property clerked Plaintiff's cell phone and keys as evidence. During the physical altercation

---

[1]     Plaintiff also alleges that on the night of March 20, 2016 (<u>two months earlier</u>) she was physically assaulted by her then-husband, Defendant Gurgigno, during a domestic dispute at home (which the Yonkers Police Department [the "YPD"] responded to), and then was forcibly raped by Gurgigno that same night after the police left and she decided to stay at the home. Within Plaintiff's prior petition for leave to serve a late notice of claim in New York State Supreme Court, Plaintiff made clear that her claims in this action arise from the incidents which occurred on <u>May 19, 2016 only</u>. Moreover, the sole cause of action alleged here concerning the March 2016 incident alleges a common law, state law civil rape tort claim against Defendant Gurgigno. This claim should be dismissed for lack of jurisdiction.

[2] On or about October 6, 2019, the felony complaint was superseded by a misdemeanor information with two counts: (1) assault in the third degree and (2) harassment in the second degree.

Hon. Vincent L. Briccetti
May 6, 2020
Page 2

**HARRIS BEACH** <small>PLLC</small>
ATTORNEYS AT LAW

between Plaintiff and Mrs. Gurgigno, Defendant Gurgigno saw Plaintiff strike his mother, but he could not exit the house through the front door to assist because Plaintiff had locked the door (prior to his parents' arrival) so that he could not get outside.[3] Defendant Gurgigno had to jump out of the kitchen window onto a set of garbage cans to exit the house.

Plaintiff's § 1983 causes of action ("COAs") against Lt. Foley and Defendant Gurgigno should be dismissed because they lacked personal involvement in the arrest. Lt. Foley responded to the scene because it involved a domestic dispute at the home of an officer, and then he reported the matter to the YPD Internal Affairs Division and the Radio Room Captain. Lt. Foley was also not involved in any aspect of Plaintiff's criminal prosecution, and thus, Plaintiff's § 1983 COAs (and all COAs) should be dismissed as against him.[4] The same is true for Defendant Gurgigno, who was merely a witness to the arrest.

For the individual Defendants that did participate in Plaintiff's arrest, Officer Salierno and Sgt. McGovern, the COAs against them should be dismissed because they had probable cause, or at least arguable probable cause, to arrest Plaintiff. Sgt. McGovern and Officer Salierno personally observed Plaintiff strike Mrs. Gurgigno in the head. When they approached the scene of the altercation, they saw that Mrs. Gurgigno was bleeding from a laceration above her eye, and noticed that Plaintiff had a set of keys in her hand. Their personal observations alone provided them with a reasonable basis to believe that they had probable cause to arrest Plaintiff. Additionally, those observations were corroborated by the statements of Mr. Gurgigno and Defendant Gurgigno, who also saw Plaintiff strike Mrs. Gurgigno. Once Sgt. McGovern and Officer Salierno had probable cause to arrest Plaintiff, they did not have to "explore and eliminate every theoretically plausible claim of innocence before making an arrest." At the very least, it was objectively reasonable for them to believe that they had probable cause to arrest Plaintiff, and thus, they are entitled to qualified immunity.

The same is true for the malicious prosecution COA – it should be dismissed because Defendants had probable cause. Further, there is no indication that Yonkers City Court's termination of the criminal action against Plaintiff was in Plaintiff's favor or indicative of innocence; rather, the transcript of the proceedings before that Court indicate that the criminal charges against Plaintiff were dismissed because Mrs. Gurgigno decided that she did not want to proceed against Plaintiff. Further, there is no evidence that any of the City Defendants acted with malice in prosecuting charges against Plaintiff.

The excessive force claim should likewise be dismissed because the security footage of the incident and arrest demonstrates that no excessive force was used. Sgt. McGovern is clearly seen on video detaining and restraining Plaintiff without any use of force, and placing her within Officer Salierno's radio car. Plaintiff also claims that the length of time she was left handcuffed in the police car was excessive, however, leaving Plaintiff in the police vehicle while Sgt. McGovern and Officer Salierno took witness statements and collected evidence does not rise to

---

[3] As soon as Mr. and Mrs. Gurgigno arrived, Plaintiff locked the front door from the outside. That fact implies that Plaintiff anticipated that she was going to get into an altercation with Mrs. Gurgigno.

[4] Sgt. McGovern also was not involved in the criminal prosecution, and thus, Plaintiff's claim for malicious prosecution as against him should be dismissed too.

Hon. Vincent L. Briccetti
May 6, 2020
Page 3



the level of force which is actionable. Further, Plaintiff's claim that Officer Salierno took her for a "rough ride" throughout the City's streets on his way to Central Booking is unfounded and based only on Plaintiff's self-serving testimony. Moreover, Plaintiff has produced no evidence of any injuries from the alleged use of force against her.

Plaintiff's *Monell* claim, <u>COA V</u>, should be dismissed because *Monell* is simply a theory of liability against a municipality and does not create a stand-alone cause of action. Additionally, Plaintiff's *Monell* claim should also be dismissed because there is no underlying Constitutional violation. Although it is not entirely clear from the face of Plaintiff's complaint, it appears that Plaintiff's *Monell* theory is based on an alleged deliberate indifference by the City by failing to provide adequate training or supervision to its officers to prevent "constitutional violations" and to prevent false arrest. Plaintiff also claims, among other things, that the City failed to "adequately and properly investigate citizen complaints of police misconduct, and instead, acts of misconduct were tolerated by [the City]." *See* Complaint at ¶ 86. However, Plaintiff's theory of municipal liability against the City fails because there is no record evidence of a specific deficiency in the City's police training program which is closely related to Plaintiff's alleged injury. Further, there is no evidence of any repeated complaints of civil rights violations similar to Plaintiff's allegations in this action, nor any proof that if such repeated complaints existed (which they do not), the City failed to make meaningful efforts to address the risk of harm caused by them. Because there is no evidence of a pattern or practice of the City through any alleged failure to train or supervise its officers, Plaintiff's *Monell* claim fails as a matter of law.

Since all of Plaintiff's federal claims fail, the Court should decline to exercise jurisdiction over Plaintiff's pendent state law claims. Further, should the Court exercise jurisdiction over Plaintiff's state law claims, those claims which have a federal counterpart should be dismissed for the same reasons that the respective corresponding federal claims should be dismissed. Further, a number of the state law claims are barred by the statute of limitations – which is one year and ninety days for most of Plaintiff's state law claims, and one year for her intentional tort claims (running from the date Plaintiff was arrested, May 19, 2016). Thus, the statute of limitations expired on <u>August 17, 2017</u> (and May 19, 2017 for the intentional tort claims), and Plaintiff did not file her Complaint until <u>October 31, 2017</u>. The state law claims also fail on the merits.

RESPECTFULLY SUBMITTED

/S/ *Darius P. Chafizadeh*

DARIUS P. CHAFIZADEH

VIA ECF
cc:    John P. Hannigan, Esq.
        Justin M. Gardner, Esq.