# EXHIBIT 2

BLEAKLEY PLATT & SCHMIDT, LLP
*Attorneys for Plaintiff*
One North Lexington Ave. – 7th Floor
White Plains, NY  10601
Tel.: (914) 949-2700
Fax:  (914) 683-6956

Civil Action No.:
18-cv-00098(VB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARLAINA KOLLER-GURGIGNO,

**AMENDED COMPLAINT**
**(Proposed)**

Plaintiff,

- *against* -

THE CITY OF YONKERS, Police Officer VINCENT
GURGIGNO, Jr. (#314), Sergeant JAMES McGOVERN
(#103), Police Officer PATRICK SALIERNO (#987) and
Lieutenant JEREMIAH FOLEY.

Defendants,

------------------------------------------------------------------X

Plaintiff MARLAINA KOLLER-GURGIGNO ("Plaintiff"), by her attorneys, Bleakley

Platt & Schmidt, LLP, as and for her Amended Complaint against defendants THE CITY OF

YONKERS, Police Officer VINCENT GURGIGNO, Jr. (#314), Sergeant JAMES McGOVERN

(#103), Police Officer PATRICK SALIERNO (#987) and Lieutenant JEREMIAH FOLEY,

(collectively "Defendants"), hereby alleges as follows:

## INTRODUCTION

1.      This action concerns the forcible rape of Plaintiff by her then husband Defendant

Police Officer VINCENT GURGIGNO, Jr. (#314), a member of the City of Yonkers Police

Department (the "YPD"), who has a well-known and documented history of domestic violence

against Plaintiff, and his subsequent actions in concert with his parents, Vincent Gurgigno, Sr.,

and Anna Gurgigno, and members of the YPD, including Sergeant JAMES McGOVERN (#103),

Police Officer PATRICK SALIERNO (#987) and Lieutenant JEREMIAH FOLEY, (collectively

**Deleted:** Verified

**Deleted:** THE CITY OF YONKERS POLICE DEPARTMENT,

**Deleted:** , Police Officer REMY SUSINI (#293), Police Officer ROMANO (#995), Lieutenant

**Deleted:** Lieutenant GELESKI, Police Officer JOHN DOE, Police Officer JANE DOE,  ANNA GURGIGNO and VINCENT GURGIGNO, SR. (collectively "

**Deleted:** A.

**Formatted:** All caps

**Formatted:** Centered

**Deleted:** estranged

**Deleted:** THE CITY OF YONKERS POLICE DEPARTMEN

**Deleted:** T

**Deleted:** defendants

**Deleted:** VINCENT GURGIGNO, SR.

**Deleted:** ANNA GURGIGNO

**Deleted:** THE CITY OF YONKERS POLICE DEPARTMENT

**Deleted:** , Police Officer REMY SUSINI (#293), Police Officer ROMANO (#995) and ,

**Deleted:** ,

**Deleted:** Lieutenant GELESKI, Police Officer JOHN DOE and Police Officer JANE DOE …

the "YPD Officers") to falsely arrest, imprison and maliciously prosecute Plaintiff without

probable cause when Anna Gurgigno, who was unlawfully present at Plaintiff's residence, | **Deleted:** ANNA GURGIGNO

violently attacked and assaulted Plaintiff on May 19, 2016.

    2.    As described in more detail below, on March 19-20, 2016, the Sergeant JAMES

McGOVERN (#103) enhanced the danger of private violence to Plaintiff by her then husband

Police Officer VINCENT GURGIGNO, Jr. (#314) by refusing to make a written report of or

otherwise investigate Plaintiff's report of domestic violence by Police Officer VINCENT

GURGIGNO, Jr. (#314), by failing to offer protective services to Plaintiff and her children as

required by YPD policy, and by affirmatively instructing Plaintiff that she if she wanted to

remain with her daughter, she would have to stay at the residence with Officer Gurgigno who

had just physically assaulted her.  As a foreseeable and proximate result of this conduct, Plaintiff

was forcibly raped by Police Officer VINCENT GURGIGNO, Jr. (#314) when she stayed

overnight at the residence with him after he had physically attacked her pursuant to the

instructions of Sergeant JAMES McGOVERN (#103).

    3.    Thereafter, on May 19, 2016, the YPD Officers failed to conduct a reasonable

investigation of an incident involving Anna Gurgigno, the mother of Police Officer VINCENT | **Deleted:** the May 19, 2016

GURGIGNO, Jr. (#314), intentionally ignored and disregarded the exculpatory statements of | **Deleted:** ANNA GURGIGNO

witnesses to the incident, fabricated a false police report contradicting their own observations of

the incident in question,  ignored and disregarded video footage of the incident showing that

Plaintiff was the victim of an assault rather than the assailant, failed to intervene during the

illegal arrest and detention of the Plaintiff without probable cause, utilized excessive force

against the Plaintiff, failed to intervene during the use of excessive force against the Plaintiff,

maliciously prosecuted the Plaintiff, and refused to drop the charges against Plaintiff, despite

being in receipt of exculpatory evidence.

4.      The YPD and the YPD Officers have engaged in a pattern of unlawful conduct toward the Plaintiff on the basis of her estranged relationship with Police Officer VINCENT GURGIGNO, Jr. (#314), who has subjected Plaintiff on multiple occasions to sexual assault and physical abuse and has been the subject of multiple orders of protection, of which the YPD and the YPD Officers are well-aware, having personally served some of these order of protection on Police Officer VINCENT GURGIGNO, Jr. (#314).

5.      Upon information and belief, similarly situated persons have been and continue to be subjected to similar unlawful conduct.  The deprivation of rights, remedies, privileges and immunities occurred at least in part because of the policies, practices and/or customs of the City of Yonkers, the YPD and the YPD Officers acting under pretense and color of state law, in their individual and official capacities, and within the scope of their employment.

## PARTIES

6.      Plaintiff MARLAINA KOLLER-GURGIGNO resides at 222 Gailmor Drive in the City of Yonkers, County of Westchester, State of New York.

7.      Defendant THE CITY OF YONKERS ("City") is a New York municipal corporation and a political subdivision of the State of New York, with its principal office located at the Yonkers City Hall, 40 South Broadway, City of Yonkers, County of Westchester, State of New York.

8.      Defendant Police Officer VINCENT GURGIGNO, Jr. (#314) ("P.O. Gurgigno"), who resides at 9 Seminary Avenue in the City of Yonkers, County of Westchester, State of New York, is the estranged husband of Plaintiff and was at all relevant times herein, an officer, employee, and agent of the YPD, a municipal agency of the City.  P.O. Gurgigno is duly appointed and acting as a police officer of the YPD and is sued in his individual and official capacity.

3

---

Deleted: ¶
----------------Page Break----------------

Deleted: B.

Formatted: Centered

Deleted:  AND VENUE

Formatted: All caps

Deleted: <#>Defendant THE CITY OF YONKERS POLICE DEPARTMENT is a municipal agency of the City of Yonkers,  with its principal office located at City of Yonkers Police Department, 104 South Broadway, City of Yonkers, County of Westchester, State of New York.¶

Deleted: ¶
----------------Page Break----------------

9. Defendant Sergeant JAMES McGOVERN (#103) ("Sgt. McGovern") was at all relevant times herein, an officer, employee, and agent of the YPD, a municipal agency of the City.  Sgt. McGovern is duly appointed and acting as a police officer of the YPD and is sued in his individual and official capacity.

10. Defendant Police Officer PATRICK SALIERNO (#987) ("P.O. Salierno") was at all relevant times herein, an officer, employee, and agent of the YPD, a municipal agency of the City.  P.O. Salierno is duly appointed and acting as a police officer of the YPD and is sued in his individual and official capacity.

11. Defendant Lieutenant JEREMIAH FOLEY ("Lt. Foley") was at all relevant times herein, an officer, employee, and agent of the YPD, a municipal agency of the City.  Lt. Foley is duly appointed and acting as a police officer of the YPD and is sued in his individual and official capacity.

**JURISDICTION**

12. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments of the United States Constitution.  Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(3) and (4) and the aforementioned Constitutional and statutory provisions.  Plaintiff hereby invokes the pendent jurisdiction of the Court to decide claims arising out of state law.

13. The unconstitutional acts of misconduct alleged below occurred within the Southern District of the State of New York.

**STATEMENT OF FACTS**

14. Plaintiff is a victim of domestic violence and sexual assault committed by her ex-husband, P.O. Gurgigno, who is a police officer with the YPD.

4

15.    Plaintiff has made multiple reports against P.O. Gurgigno to the YPD to report

incidents of domestic violence and violations of the multiple orders of protection that Plaintiff

has obtained against P.O. Gurgigno.

16.    When Plaintiff has reported these incidents to the YPD, her estranged husband's

friends at the YPD respond and refuse to assist Plaintiff, instead protecting P.O. Gurgigno from

being held accountable for his criminal acts.

**The March 19-20, 2016 Rape of Plaintiff by P.O. Gurgigno**

17.    Late in the evening of March 19, 2016, P.O. Gurgigno attempted to lock Plaintiff

out of her residence during a dispute concerning the amount of time Plaintiff was "permitted" by

P.O. Gurgigno to be out shopping.

18.    As the Plaintiff's then four-year-old daughter screamed from inside the residence,

Plaintiff put her foot in the door to prevent herself from being locked out.

19.    P.O. Gurgigno violently opened the door, striking Plaintiff across the face and

causing her to fall to the ground.

20.    P.O. Gurgigno then violently kicked Plaintiff in the stomach and punched her on

her arms and legs before locking her out of the house.

21.    To cover his tracks, P.O. Gurgigno then contacted the YPD for assistance, and

Sgt. McGovern responded to the scene along with other officers.  Sgt. McGovern was the

ranking officer at the scene and a supervisor of P.O. Gurgigno.

22.    Sgt. McGovern was well-aware of the history of domestic violence between P.O.

Gurgigno and Plaintiff, having accompanied P.O. Gurgigno to the residence to remove his

personal effects approximately a year prior, on or about March 11, 2015, when Plaintiff obtained

her first order of protection against P.O. Gurgigno on the basis of his prior physical and sexual

assaults of her.  On that date, when P.O. Gurgigno arrived to remove his personal effects from

5

---

Deleted: Plaintiff has commenced divorce proceedings against P.O. Gurgigno in the Supreme Court of the State of New York, County of Westchester. ¶

Deleted: ————————Page Break————————

Deleted: On

Deleted: 20

Deleted: Plaintiff contacted the

Deleted: another officer

the marital residence with his supervisor defendant Sgt. McGovern, Plaintiff was forced to sit on the couch without moving while P.O. Gurgigno proceeded to kick Plaintiff's dog in the stomach and remove Plaintiff's own valuables and other possessions from the residence, well beyond the scope of what the order of protection permitted.

23.    On March 19, 2016, when Sgt. McGovern responded to P.O. Gurgigno's request for police assistance, Plaintiff requested to press charges against P.O. Gurgigno and have him arrested for beating her up and locking her out of her residence.

24.    Sgt. McGovern ignored Plaintiff's claims of domestic violence, failed to take the statement of Plaintiff, failed to include any mention of Plaintiff's allegations of domestic violence in the police report, failed to take any photographs of Plaintiff's injuries, and failed to offer any protective services to Plaintiff and her children as required by YPD policy.

25.    Instead, Sgt. McGovern informed Plaintiff that "Vinny (referring to P.O. Gurgigno) is a brother and you have no hard evidence."  Plaintiff was further informed by Sgt. McGovern that she could not take her older child with her if she decided to leave the residence that night, instructing Plaintiff that if she wanted to remain with her daughter, she would have to stay at the residence with Officer Gurgigno who had just physically assaulted her.

26.    Another YPD officer accompanying Sgt. McGovern told her that she should be thankful that her then-husband P.O. Gurgigno had agreed to allow her to stay there that evening.

27.    Fearing for the safety of her older child who was inside the residence with P.O. Gurgigno, Plaintiff remained at the residence with P.O. Gurgigno that night as instructed by Sgt. McGovern.

6

**Deleted:** two young children

**Deleted:** two children

**Deleted:** , Plaintiff decided to stay at the residence with P.O. Gurgigno that night…

28.     After the YPD left the residence where Plaintiff was forced to stay that night, the dispute between Plaintiff and P.O. Gurgigno continued, and in the early morning hours of March 20, 2016, P.O. Gurgigno forcibly raped Plaintiff, telling her he was going to have her one last time.

29.     After this incident, Plaintiff obtained another order of protection against P.O. Gurgigno requiring P.O. Gurgigno to again move out of the marital residence.

**The May 19, 2016 False Arrest and Malicious Prosecution of Plaintiff**

30.     On May 19, 2016, sometime before approximately 3:30 p.m., P.O. Gurgigno arrived at the Plaintiff's residence located at 222 Gailmor Dr., Yonkers, New York 10710 for his court-ordered, supervised visitation with their four-year-old daughter, as permitted by the order of protection then in place against P.O. Gurgigno.

31.     When P.O. Gurgigno arrived at Plaintiff's residence, he proceeded into the house and yelled at Plaintiff because her boyfriend Maurits Croes was sitting in a vehicle parked on the street in front of the residence with his friend Toniann Francisco. During their verbal altercation, P.O. Gurgigno contacted Sgt. McGovern at the YPD and his parents, Mr. & Mrs. Gurgigno, requesting their presence at the residence.

32.     At about the same time that the YPD officers were arriving at the residence, including defendants Sgt. McGovern and P.O. Salierno, P.O. Gurgigno's parents, defendants Mr. Gurgigno and Mrs. Gurgigno, also arrived at Plaintiff's residence, despite having no right to be there.

33.     Two days prior on May 17, 2016, Mrs. Gurgigno had been involved in an incident with Plaintiff in which Mrs. Gurgigno showed up at Plaintiff's place of employment uninvited, banging on the door and yelling "let me in I'm coming to get my granddaughter, let me in bitch, I am going to get you, I swear I am going to hurt you." Plaintiff filed a report with the YPD

7

---

Deleted: ¶
That

Deleted: night

Deleted: ,

Deleted:

Deleted:  and, two days later, Plaintiff was admitted to St. John's Hospital with internal bleeding and forced to undergo emergency surgery.  ¶

Deleted: ¶

————Page Break————

Deleted:

Deleted: , who was ordered to remove his personal effects from the marital residence within 24 hours…

Deleted: <#>When P.O. Gurgigno arrived to remove his personal effects pursuant to the terms of the order of protection obtained by Plaintiff, he arrived with his friend, defendant Sgt. McGovern, who forced Plaintiff to sit on the couch without moving while P.O. Gurgigno proceeded to kick Plaintiff's dog in the stomach and remove Plaintiff's own valuables and other possessions from the residence, well beyond the scope of what the order of protection permitted.  ¶

Deleted: then

Deleted: his friends

Deleted: and requested

Deleted:  that they come to Plaintiff's

concerning this incident involving Anna Gurgigno on May 17, 2016, but no action was taken by
the YPD.

> **Deleted:** Anna Gurgigno

34.     On May 19, 2016, when Mrs. Gurgigno arrived at Plaintiff's residence with Mr.
Gurgigno, Mrs. Gurgigno approached the car in which Maurits Croes was seated on the street.
Also present in this vehicle were Toniann Francisco and Plaintiff's two young children.

35.     Mrs. Gurgigno attempted to retrieve Plaintiff's four-year-old daughter from the
car, despite having no right to do so.

36.     While at the vehicle, Mrs. Gurgigno pounded on the window and yelled at
Maurits Croes, calling him "nothing but a piece of shit" and a "son of a bitch" in front of
Plaintiff's two young children before marching up the driveway toward Plaintiff's residence.

37.     Plaintiff came out of the residence to meet Mrs. Gurgigno in the driveway and
requested that she leave the premises.

38.     Mrs. Gurgigno ignored Plaintiff's request to leave and violently attacked the
Plaintiff, chasing her up the driveway and leaving bruises on Plaintiff's left wrist.

39.     Video footage of Mrs. Gurgigno's violent attack on Plaintiff was captured on the
cell phone of Maurits Croes.

40.     Sgt. McGovern, the friend of P.O. Gurgigno who had refused to help the battered
Plaintiff on March 19, 2016 and who was present on the scene at or about the time that Mrs.
Gurgigno violently attacked the Plaintiff, immediately detained Plaintiff and placed her in
handcuffs without explanation in front of her four-year-old daughter.

> **Deleted:** 20

41.     Sgt. McGovern then threw Plaintiff into the back of P.O. Salierno's police vehicle
without questioning her or taking her statement.

> **Deleted:** violently
>
> **Deleted:** the
>
> **Deleted:** ¶
> -------------------------------Page Break-------------------------------

42.     Plaintiff was detained in the police vehicle, which was not running, for
approximately two (2) hours in the hot sun with the windows and doors shut.

43.     After arresting Plaintiff, the YPD Officers, including defendants Sgt. McGovern, P.O. Salierno and Lt. Folely, conducted an investigation in an effort to bolster their decision to arrest Plaintiff without probable cause and in which they purposefully disregarded video footage taken by Maurits Croes, the surveillance footage capture on the security system and the sworn statements of eyewitnesses Maurits Croes and Toniann Francisco, who indicated that it was Mrs. Gurgigno that had violently attacked Plaintiff.

44.     Upon information and belief, the YPD Officers including defendants Sgt. McGovern, P.O. Salierno and Lt. Folely further assisted P.O. Gurgigno, Mr. Gurgigno and Mrs. Gurgigno in crafting false statements to inculpate Plaintiff, and fabricated a false police report of the incident.

45.     Plaintiff was then transported to booking by P.O. Salierno via an indirect route, traversing curves and turning corners at a high rate of speed so as to knock the Plaintiff around in the back seat of the police vehicle, further injuring her.

46.     Plaintiff was charged with two counts of second degree assault in violation of Penal Law ("PEN") §120.05(2) (a Class D Felony) and PEN §120.05(12) (a Class D Felony) and was held overnight in jail before being released the next day, May 20, 2016.

47.     Plaintiff sought to press charges against Mrs. Gurgigno for the violent attack but was told by the YPD that "she's a cop's mom, never happen," notwithstanding that Plaintiff had video footage of the attack.

48.     Shortly after her unlawful arrest on May 19, 2016, Plaintiff filled out and filed a "Complaint Form" with the Westchester County District Attorney, Complaints—Fourth Floor, 111 Dr. Martin Luther King Jr. Blvd., White Plains, New York 10601, wherein Plaintiff again detailing the circumstances of her unlawful arrest and identifying the arresting officer, defendant "Sgt. McGovern," disclosing that she had "surveillance" of the incident in which she was

9

**Deleted:** Upon information and belief, in the interim

**Deleted:** ,

**Deleted:** P.O. Susini, P.O. Romano,

**Deleted:** , Lt. Geleski, and/or Officers Doe

**Deleted:** reviewed the exculpatory

**Deleted:** interviewed

**Deleted:** , P.O. Susini, P.O. Romano,

**Deleted:** , Lt. Geleski, and/or Officers Doe,

**Deleted:** and second degree

**Deleted:** harassment in violation of PEN §240.26(1) (a violation level offense) …

**Deleted:** Upon information and belief, while Plaintiff was in custody, certain YPD Officers including defendants Sgt. McGovern, P.O. Salierno, P.O. Susini, P.O. Romano, Lt. Folely, Lt. Geleski, and/or Officers Doe took photographs of Plaintiff in the jail cell, which they then disseminated to members of the local community in an effort to destroy Plaintiff's reputation and disrupt her family business. ¶
————————Page Break————————

attacked by Mrs. Gurgigno and pleading "FOR HELP PLEASE NO ONE IN OR AFFILIATED WITH YPD WILL HELP ME AND MY CHILDREN AND I ARE NOT SAFE.  AGAIN I AM AFRAID FOR MY LIFE AND SOMEONE NEEDS TO HEAR ME."  A copy of the May 23, 2016 Complaint Form filed with the Westchester County District Attorney is annexed hereto as Exhibit "1".

49.     In correspondence dated May 23, 2016, Assistant District Attorney, Deputy Chief, Public Integrity Bureau, Brian J. Conway wrote to Plaintiff on behalf of James A. McCarty, Acting District Attorney, stating as follows:

> This office is in receipt of your letter of complaint in which you allege that you were falsely arrested by Sgt. McGovern of the Yonkers Police Department, after being assaulted by your mother-in-law, Anna Gurgigno, the mother of a fellow Yonkers Police officer.  Since your complaint involves your dissatisfaction with one or more members of the Yonkers Police Department, this office has referred your complaint to the Internal Affairs Bureau of the Yonkers Police Department for their review/handling.

A copy of the May 23, 2016 correspondence to Plaintiff is annexed hereto as Exhibit "2".

50.     Enclosed within this correspondence to Plaintiff was a copy of correspondence from Assistant District Attorney, Deputy Chief, Public Integrity Bureau, Brian J. Conway on behalf of James A. McCarty, Acting District Attorney, addressed to Caption Richard Doyle, Yonkers Police Department, stating as follows:

> Please find the attached letter of complaint and brought to this office by Marlaina Koller-Gurgino, alleging that one or more members of your department falsely arrested her after she was assaulted by Anna Gurgigno, the mother of a Yonkers Police officer.  Since this complaint involves one or more members of your department, this complaint is being referred to you for your department's handling and appropriate action.

A copy of the May 23, 2016 correspondence to Captain Richard Doyle, Yonkers Police Department, is annexed hereto as Exhibit "3".

51.     Plaintiff also filled out and filed a Civilian Complaint Form with the YPD on May 24, 2016, detailing the circumstances of her unlawful arrest and identifying the arresting officer,

10

defendant "Sgt. McGovern" and disclosing that she had "surveillance" of the incident in which she was attacked by Mrs. Gurgigno.  A copy of the May 24, 2016 Civilian Complaint Form filed with the YPD is annexed hereto as Exhibit "4".

52.     On multiple occasions, Plaintiff and her criminal defense attorney attempted to turn over to the YPD the exculpatory video footage in her possession, but were refused.

53.     Shortly after May 2, 2017, Plaintiff received correspondence from Detective Captain Frederick Hellthaler, Commanding Officer, Internal Affairs Division of the YPD, which was dated May 2, 2017, stating as follows:

> Your complaint, which was filed on May 23rd, 2016 against P.O. Vincent Gurgigno #314, has been investigated.  It has been established that there is evidence to support the claim that his conduct was in violation of departmental policy.  As such, P.O. Gurgigno has been disciplined.

> This department is committed to high standards of professionalism, and misconduct by personnel will not be condoned.  We appreciate your bringing this matter to our attention so that these standards can be maintained.  If you have any questions concerning the investigation or disposition of your complaint, please contact me.

A copy of the May 2, 2017 correspondence from the Yonkers Police Department to Plaintiff is annexed hereto as Exhibit "5" (emphasis added).

54.     Over a year after her arrest, the criminal charges against Plaintiff were finally dismissed by Hon. Edward J. Gaffney, Yonkers City Court on May 25, 2017 due to, upon information and belief, a lack of probable cause.

55.     Plaintiff duly served a Notice of Claim pursuant to N.Y. Municipal Law § 50-e upon the City and YPD on August 11, 2017.  A copy of the Notice of Claim is annexed hereto as Exhibit "6".

56.     On October 26, 2017, this Court granted Plaintiff's petition seeking leave to file a late notice of claim in its entirety, deeming this Notice of Claim (Exhibit "6") "timely served".  A copy of this Court's October 26, 2017 Decision and Order is annexed hereto as Exhibit "7".

11

**Deleted:** ¶ ¶ ————Page Break————

**Deleted:** <#>By that time, as a result of Plaintiff's unlawful arrest and continued unlawful prosecution, Plaintiff's family business Allways East Transportation, Inc. had already lost a lucrative, multi-million dollar contract with the City of Yonkers. ¶

## I.    FIRST CAUSE OF ACTION – FORCIBLE RAPE
**(Pursuant to State Law against defendant**
**Police Officer VINCENT GURGIGNO, Jr. (#314))**

57.    Paragraphs 1 through 56 of this Amended Complaint are hereby realleged and incorporated by reference herein.

58.    On March 20, 2016, defendant Police Officer VINCENT GURGIGNO, Jr. (#314) proceeded to forcibly and without consent engage in unwanted and unpermitted sexual intercourse with Plaintiff without permission or consent, in violation of New York Penal Law § 130.35.

59.    While committing the above described acts of sexual assault, battery and rape, P.O. Gurgigno made vulgar and threatening remarks to Plaintiff, while Plaintiff told P.O. Gurgigno repeatedly to stop, and that he was hurting her.

60.    The sexual assault, battery and rape suffered by Plaintiff was horrific and extraordinarily disruptive of Plaintiff's mental and emotional condition and caused her such great emotional distress that she lost all self-confidence, felt powerless and fell into a state of depression for an extended period of time.

61.    As a result of the foregoing, Plaintiff was caused to sustain physical injury, personal humiliation, extraordinary emotional distress and mental anguish.  These injuries and their effects continue and are permanent.

62.    Plaintiff seeks damages from P.O. Gurgigno for physical injury, emotional and psychological torment, distress, past, present and future compensatory damages, punitive damages, attorneys' fees, costs, and experts' fees for this action in an amount to be determined.

**Deleted:** 63

**Deleted:** Verified

**Deleted:** ¶
--------------------------------Page Break--------------------------------

## II.   SECOND CAUSE OF ACTION – VIOLATION OF CIVIL RIGHTS
(Pursuant to § 1983 (State-Created Danger Doctrine) against defendant Sergeant
JAMES McGOVERN (#103))

63.    Paragraphs 1 through 62 of this Amended Complaint are hereby realleged and incorporated by reference herein.

64.    Defendant Sergeant JAMES McGOVERN (#103), by his affirmative conduct on March 19, 2016 as described herein, and acting under color of State Law to deprivePlaintiff of her right to be free from government-created danger as required by the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution, is liable to Plaintiff for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of State Law of rights secured under the United States Constitution.

65.    The conduct of Defendant Sergeant JAMES McGOVERN (#103) on March 19, 2016, as described herein, shocks the conscience, as the dangers of domestic violence are well-established and should be known by law enforcement officers, and Sgt. McGovern's willful disregard of the obvious risks of the domestic violence situation in which he instructed Plaintiff to stay overnight in the residence with her then husband who had just physically assaulted her evinces deliberate indifference to the enhanced danger to Plaintiff.

66.    As a direct and proximate result of the aforesaid unlawful actions, Plaintiff was forcibly raped by her estranged husband P.O. Gurgigno and has suffered and will continue to suffer damages, including bodily injuries and aggravation of existing bodily injuries, mental anguish, insomnia, emotional injuries, pain and suffering from the incident and its aftermath, embarrassment, humiliation, shame, indignity, special damages, and other financial loss that the claimant has incurred or will incur, including attorneys' fees, costs, and expenses.

13

67.     Plaintiff seeks damages from defendant Sergeant JAMES McGOVERN (#103) for physical injury, emotional and psychological torment, distress, past, present and future compensatory damages, punitive damages, attorneys' fees, costs, and experts' fees for this action in an amount to be determined.

**III.    THIRD CAUSE OF ACTION – VIOLATION OF CIVIL RIGHTS**
**(Pursuant to § 1983 (False Arrest/False Imprisonment) against defendants Police**
**Officer VINCENT GURGIGNO, Jr. (#314), Sergeant JAMES McGOVERN (#103),**
**Police Officer PATRICK SALIERNO (#987) and Lieutenant JEREMIAH FOLEY)**

68.     Paragraphs 1 through 67 of this Amended Complaint are hereby realleged and incorporated by reference herein.

69.     Defendants Police Officer VINCENT GURGIGNO, Jr. (#314), Sergeant JAMES McGOVERN (#103), Police Officer PATRICK SALIERNO (#987) and Lieutenant JEREMIAH FOLEY, by their conduct as described herein, and acting under color of State Law to deprive Plaintiff of her right to be free from unreasonable search, seizure, arrest and imprisonment without probable cause as required by the Fourth and Fourteenth Amendments of the U.S. Constitution, are liable to Plaintiff for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of State Law of rights secured under the United States Constitution.

70.     As a direct and proximate result of the aforesaid unlawful actions, Plaintiff has suffered and will continue to suffer damages, including loss of liberty, bodily injuries and aggravation of existing bodily injuries, mental anguish, insomnia, emotional injuries, pain and suffering from the incident and its aftermath, embarrassment, humiliation, shame, indignity, damages to reputation, special damages, and other financial loss that the claimant has incurred or will incur, including attorneys' fees, costs, and expenses.

71.     Plaintiff seeks damages from defendants Police Officer VINCENT GURGIGNO, Jr. (#314), Sergeant JAMES McGOVERN (#103), Police Officer PATRICK SALIERNO (#987) and Lieutenant FOLEY for physical injury, emotional and psychological torment, distress, past,

14

---

Deleted: SECOND

Deleted: , Police Officer REMY SUSINI (#293), Police Officer ROMANO (#995), Lieutenant

Deleted: , Lieutenant GELESKI, Police Officer JOHN DOE and Police Officer JANE DOE…

Deleted: 69

Deleted: Verified

Deleted: , Police Officer REMY SUSINI (#293), Police Officer ROMANO (#995), Lieutenant

Deleted: , Lieutenant GELESKI, Police Officer JOHN DOE and Police Officer JANE DOE, …

Deleted: interruption and loss of business and business opportunities, loss of earnings, loss of credit, …

Deleted: , Police Officer REMY SUSINI (#293), Police Officer ROMANO (#995),…

Deleted: , Lieutenant GELESKI, Police Officer JOHN DOE and Police Officer JANE DOE …

present and future compensatory damages, punitive damages, attorneys' fees, costs, and experts'

fees for this action in an amount to be determined.

**IV.   FOURTH CAUSE OF ACTION – VIOLATION OF CIVIL RIGHTS**
**(Pursuant to § 1983 (Excessive Force) against defendant Police Officer PATRICK**
**SALIERNO (#987))**

72.   Paragraphs 1 through 71 of this Amended Complaint are hereby realleged and

incorporated by reference herein.

73.   Defendant Police Officer PATRICK SALIERNO (#987), by his conduct as

described herein, and acting under color of State Law to deprive Plaintiff of her right to be free

from excessive force in the course of an arrest as required by the Fourth and Fourteenth

Amendments of the U.S. Constitution, are liable to Plaintiff for violation of 42 U.S.C. § 1983

which prohibits the deprivation under color of State Law of rights secured under the United

States Constitution.

74.   As a direct and proximate result of the aforesaid unlawful actions, Plaintiff has

suffered and will continue to suffer damages, including loss of liberty, bodily injuries and

aggravation of existing bodily injuries, mental anguish, insomnia, emotional injuries, pain and

suffering from the incident and its aftermath, embarrassment, humiliation, shame, indignity,

damages to reputation, special damages, and other financial loss that the claimant has incurred or

will incur, including attorneys' fees, costs, and expenses.

75.   Plaintiff seeks damages from defendant Police Officer PATRICK SALIERNO

(#987) for physical injury, emotional and psychological torment, distress, past, present and future

compensatory damages, punitive damages, attorneys' fees, costs, and experts' fees for this action

in an amount to be determined.

**V.   FIFTH CAUSE OF ACTION – VIOLATION OF CIVIL RIGHTS**
**(Pursuant to § 1983 (Malicious Prosecution/Abuse of Process) against Police Officer**
**VINCENT GURGIGNO, Jr. (#314), Sergeant JAMES McGOVERN (#103), Police**
**Officer PATRICK SALIERNO (#987) and Lieutenant JEREMIAH FOLEY)**

76.    Paragraphs 1 through 75 of this Amended Complaint are hereby realleged and

incorporated by reference herein.

77.    Defendants Police Officer VINCENT GURGIGNO, Jr. (#314), Sergeant JAMES

McGOVERN (#103), Police Officer PATRICK SALIERNO (#987) and Lieutenant JEREMIAH

FOLEY, by their conduct as described herein, and acting under color of State Law to deprive

Plaintiff of her right to be free from malicious prosecution and abuse of process as required by

the Fourth and Fourteenth Amendments of the U.S. Constitution, are liable to Plaintiff for

violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of State Law of rights

secured under the United States Constitution.

78.    The unlawful actions of Defendants Police Officer VINCENT GURGIGNO, Jr.

(#314), Sergeant JAMES McGOVERN (#103), Police Officer PATRICK SALIERNO (#987)

and Lieutenant JEREMIAH FOLEY were willful, knowing, malicious and specifically intended

to deprive Plaintiff of her constitutional rights and constituted malicious prosecution and abuse

of process in that there was no basis for Plaintiff's arrest or continued prosecution, yet the

aforesaid Defendants continued with the prosecution, which was resolved in Plaintiff's favor.

79.    As a direct and proximate result of the aforesaid unlawful actions, Plaintiff has

suffered and will continue to suffer damages, including loss of liberty, bodily injuries and

aggravation of existing bodily injuries, mental anguish, insomnia, emotional injuries, pain and

suffering from the incident and its aftermath, embarrassment, humiliation, shame, indignity,

damages to reputation, special damages, and other financial loss that the claimant has incurred or

will incur, including attorneys' fees, costs, and expenses.

16

---

Deleted: FOURTH

Deleted: , Police Officer REMY SUSINI (#293), Police Officer ROMANO (#995), …

Deleted: , Lieutenant GELESKI, Police Officer JOHN DOE and Police Officer JANE DOE…

Deleted: 77

Deleted: Verified

Deleted: , Police Officer REMY SUSINI (#293), Police Officer ROMANO (#995), …

Deleted: , Lieutenant GELESKI, Police Officer JOHN DOE and Police Officer JANE DOE…

Deleted: ,

Deleted: Police Officer REMY SUSINI (#293), Police Officer ROMANO (#995), …

Deleted: , Lieutenant GELESKI, Police Officer JOHN DOE and Police Officer JANE DOE were wil

Deleted: interruption and loss of business and business opportunities, loss of earnings, loss of credit, …

80.     Plaintiff seeks damages from defendants Police Officer VINCENT GURGIGNO,

Jr. (#314), Sergeant JAMES McGOVERN (#103), Police Officer PATRICK SALIERNO (#987)

and, Lieutenant JEREMIAH FOLEY for physical injury, emotional and psychological torment,

distress, past, present and future compensatory damages, punitive damages, attorneys' fees,

costs, and experts' fees for this action in an amount to be determined.

## VI.     SIXTH CAUSE OF ACTION – VIOLATION OF CIVIL RIGHTS
### (Pursuant to § 1983 (Monell Liability Claim) against defendant THE CITY OF YONKERS)

81.     Paragraphs 1 through 80 of this Amended Complaint are hereby realleged and

incorporated by reference herein.

82.     At all relevant times herein, the defendant THE CITY OF YONKERS acting

through the YPD, developed, implemented, enforced, encouraged and sanctioned de facto

policies, practices, and/or customs exhibiting deliberate indifference to Plaintiff's constitutional

rights which caused the violation of such rights.

83.     The aforesaid unlawful actions were done willingly, knowingly, and with specific

intent to deprive Plaintiff of her constitutional rights under the Fourth and Fourteenth

Amendments to the U.S. Constitution.

84.     The constitutional abuses and violations by the defendant THE CITY OF

YONKERS acting through the YPD and Defendants Police Officer VINCENT GURGIGNO, Jr.

(#314), Sergeant JAMES McGOVERN (#103), Police Officer PATRICK SALIERNO (#987)

and, Lieutenant JEREMIAH FOLEY were and are directly and proximately caused by policies,

practices and/or customs developed, implemented, enforced, encouraged and sanctioned by the

defendant THE CITY OF YONKERS, including the failure:  (a) to adequately supervise and

train its officers and agents thereby failing to adequately discourage further constitutional

violations on the part of the police officers; (b) to properly and adequately monitor and discipline

17

---

**Deleted:** ,

**Deleted:** Police Officer REMY SUSINI (#293), Police Officer ROMANO (#995), …

**Deleted:** , Lieutenant GELESKI, Police Officer JOHN DOE and Police Officer JANE DOE …

**Deleted:** FIFTH

**Deleted:** s

**Deleted:** and THE CITY OF YONKERS POLICE DEPARTMENT

**Deleted:** 82

**Deleted:** Verified

**Deleted:** defendant THE CITY OF YONKERS POLICE DEPARTMENTthe YPD

**Deleted:** ¶
———————Page Break———————

**Deleted:** defendant THE CITY OF YONKERS POLICE DEPARTMENTthe YPD and ,

**Deleted:** .

**Deleted:** , Police Officer REMY SUSINI (#293), Police Officer ROMANO (#995),…

**Deleted:** , Lieutenant GELESKI, Police Officer JOHN DOE and Police Officer JANE DOE …

its officers; and (c) to adequately and properly investigate citizen complaints of police

misconduct, and instead, acts of misconduct were tolerated by the defendant THE CITY OF

YONKERS.

     85.    Upon information and belief, defendant THE CITY OF YONKERS has, acting

through the YPD, developed, implemented, enforced, encouraged and sanctioned a de facto

policy, practice, and/or custom of unlawfully interfering with and/or arresting and/or

prosecuting, without probable cause, individuals who have not in any way violated any local,

state or federal laws.

     86.    These unlawful actions were willful, knowing, and specifically intended to

deprive Plaintiff of her constitutional rights under the Fourth and Fourteenth Amendments to the

U.S. Constitution.

     87.    As a direct and proximate result of the aforesaid unlawful actions, Plaintiff has

suffered and will continue to suffer damages, including loss of liberty, bodily injuries and

aggravation of existing bodily injuries, mental anguish, insomnia, emotional injuries, pain and

suffering from the incident and its aftermath, embarrassment, humiliation, shame, indignity,

damages to reputation, special damages, and other financial loss that the claimant has incurred or

will incur, including attorneys' fees, costs, and expenses.

     88.    Plaintiff seeks damages from defendant THE CITY OF YONKERS for physical

injury, emotional and psychological torment, distress, past, present and future compensatory

damages, punitive damages, attorneys' fees, costs, and experts' fees for this action in an amount

to be determined.

**VII.**    **SEVENTH CAUSE OF ACTION – FALSE ARREST/IMPRISONMENT**
                  **(Pursuant to State Law against all defendants)**

     89.    Paragraphs 1 through 88 of this Amended Complaint are hereby realleged and

incorporated by reference herein.

18

---

**Margin comments (Deleted):**

Deleted: s

Deleted:  and THE CITY OF YONKERS POLICE DEPARTMENT.

Deleted: THE CITY OF YONKERS POLICE DEPARTMENT

Deleted: interruption and loss of business and business opportunities, loss of earnings, loss of credit, …

Deleted: s

Deleted: and THE CITY OF YONKERS POLICE DEPARTMENT …

Deleted: SIXTH

Deleted: defendants THE CITY OF YONKERS, THE CITY OF YONKERS POLICE DEPARTMENT, Police Officer VINCENT GURGIGNO, Jr. (#314), Sergeant JAMES McGOVERN (#103), Police Officer PATRICK SALIERNO (#987), Police Officer REMY SUSINI (#293), Police Officer ROMANO (#995), Lieutenant FOLEY, Lieutenant GELESKI, Police Officer JOHN DOE and Police Officer JANE DOE…

Deleted: 90

Deleted: Verified

90.     At all relevant times, defendants Police Officer VINCENT GURGIGNO, Jr.

(#314), Sergeant JAMES McGOVERN (#103), Police Officer PATRICK SALIERNO (#987)

and Lieutenant JEREMIAH FOLEY were acting within the scope of their employment and in

furtherance of the duties owed to their employer defendant THE CITY OF YONKERS.

91.     The seizure and detention of Plaintiff was unlawful in that Defendants had no

probable cause to detain and arrest Plaintiff.

92.     Defendants intended to confine Plaintiff.

93.     Plaintiff was conscious of the confinement and did not consent to it.

94.     Plaintiff's confinement was not otherwise privileged.

95.     By reason of the actions and omissions of Defendants, acting in gross and wanton

disregard of Plaintiff's rights, Defendants deprived her of her liberty, when they subjected

Plaintiff to an unlawful, illegal and excessive detention, in violation of state law.

96.     As a direct and proximate result of the aforesaid unlawful actions, Plaintiff has

suffered and will continue to suffer damages, including loss of liberty, bodily injuries and

aggravation of existing bodily injuries, mental anguish, insomnia, emotional injuries, pain and

suffering from the incident and its aftermath, embarrassment, humiliation, shame, indignity,

damages to reputation, special damages, and other financial loss that the claimant has incurred or

will incur, including attorneys' fees, costs, and expenses.

97.     Plaintiff seeks damages from Defendants for physical injury, emotional and

psychological torment, distress, past, present and future compensatory damages, punitive

damages, attorneys' fees, costs, and experts' fees for this action in an amount to be determined.

**VIII.   EIGHTH CAUSE OF ACTION – MALICIOUS PROSECUTION**
**(Pursuant to State Law against all defendants)**

98.     Paragraphs 1 through 97 of this Amended Complaint are hereby realleged and

incorporated by reference herein.

19

99.    At all relevant times, defendants Police Officer VINCENT GURGIGNO, Jr. (#314), Sergeant JAMES McGOVERN (#103), Police Officer PATRICK SALIERNO (#987) and Lieutenant JEREMIAH FOLEY were acting within the scope of their employment and in furtherance of the duties owed to their employer defendant THE CITY OF YONKERS.

100.    Upon information and belief, Defendants desired to harm Plaintiff and maliciously agreed to act in concert with one another to falsely complain that Plaintiff assaulted Mrs. Gurgigno on May 19, 2016, to procure Plaintiff's false arrest and to further the malicious prosecution of Plaintiff.

101.    On the afternoon of May 19, 2016, defendant Police Officer VINCENT GURGIGNO, Jr. (#314) initiated a criminal proceeding against Plaintiff and importuned the YPD to make a false arrest and further a malicious prosecution of Plaintiff by knowingly providing false statements to the YPD Officers representing that Plaintiff had assaulted Ms. Gurgigno, which information Police Officer VINCENT GURGIGNO, Jr. (#314) knew to be false at the time the statements were given to the YPD.

102.    Upon information and belief, defendants Police Officer VINCENT GURGIGNO, Jr. (#314), Sergeant JAMES McGOVERN (#103), Police Officer PATRICK SALIERNO (#987) and Lieutenant JEREMIAH FOLEY maliciously and knowingly assisted defendant Police Officer VINCENT GURGIGNO, Jr. (#314) in crafting a false statement to inculpate Plaintiff, and fabricated a false police report of the incident.

103.    Upon information and belief, defendants Police Officer VINCENT GURGIGNO, Jr. (#314), Sergeant JAMES McGOVERN (#103), Police Officer PATRICK SALIERNO (#987) and Lieutenant JEREMIAH FOLEY maliciously and knowingly failed to conduct a reasonable investigation of the May 19, 2016 incident, intentionally ignored and disregarded the exculpatory statements of witnesses to the incident, fabricated a false police report contradicting their own

20

observations of the incident in question,  ignored and disregarded video footage of the incident showing that Plaintiff was the victim of an assault rather than the assailant, failed to intervene during the illegal arrest and detention of the Plaintiff, utilized excessive force against the Plaintiff, failed to intervene during the use of excessive force against the Plaintiff, maliciously prosecuted the Plaintiff, and refused to drop the charges against Plaintiff despite being in receipt of exculpatory evidence.

104.    As a direct and proximate result of Defendants' actions, Plaintiff was falsely arrested and subjected to criminal prosecution.

105.    Over a year after her arrest, the criminal charges against Plaintiff were finally dismissed by Hon. Edward J. Gaffney, Yonkers City Court on May 25, 2017 due to, upon information and belief, a lack of probable cause.

106.    As a direct and proximate result of the aforesaid unlawful actions, Plaintiff has suffered and will continue to suffer damages, including loss of liberty, bodily injuries and aggravation of existing bodily injuries, mental anguish, insomnia, emotional injuries, pain and suffering from the incident and its aftermath, embarrassment, humiliation, shame, indignity, damages to reputation, special damages, and other financial loss that the claimant has incurred or will incur, including attorneys' fees, costs, and expenses.

> **Deleted:** interruption and loss of business and business opportunities, loss of earnings, loss of credit,  and other financial l

107.    Plaintiff seeks damages from all Defendants for physical injury, emotional and psychological torment, distress, past, present and future compensatory damages, punitive damages, attorneys' fees, costs, and experts' fees for this action in an amount to be determined.

### IX.    NINTH CAUSE OF ACTION – ABUSE OF PROCESS
#### (Pursuant to State Law against all defendants)

> **Deleted:** EIGHTH

108.    Paragraphs 1 through 107 of this Amended Complaint are hereby realleged and incorporated by reference herein.

> **Deleted:** 109
>
> **Deleted:** Verified

21

109.    At all relevant times, defendants Police Officer VINCENT GURGIGNO, Jr.

(#314), Sergeant JAMES McGOVERN (#103), Police Officer PATRICK SALIERNO (#987)

and Lieutenant JEREMIAH FOLEY, were acting within the scope of their employment and in

furtherance of the duties owed to their employer defendant THE CITY OF YONKERS.

110.    Upon information and belief, Defendants desired to harm Plaintiff and

maliciously agreed to act in concert with one another to engage in abuse of process by falsely

complaining that Plaintiff assaulted Mrs. Gurgigno on May 19, 2016.

111.    Upon information and belief, Defendants agreed to act in  concert with one

another to engage in such abuse of process, including by fabricating a false police report of the

incident.

112.    As a direct and proximate result of Defendants' actions, Plaintiff was falsely

arrested and subjected to criminal prosecution.

113.    Over a year after her arrest, the criminal charges against Plaintiff were finally

dismissed by Hon. Edward J. Gaffney, Yonkers City Court on May 25, 2017 due to, upon

information and belief, a lack of probable cause.

114.    As a direct and proximate result of the aforesaid unlawful actions, Plaintiff has

suffered and will continue to suffer damages, including loss of liberty, bodily injuries and

aggravation of existing bodily injuries, mental anguish, insomnia, emotional injuries, pain and

suffering from the incident and its aftermath, embarrassment, humiliation, shame, indignity,

damages to reputation, special damages, and other financial loss that the claimant has incurred or

will incur, including attorneys' fees, costs, and expenses.

115.    Plaintiff seeks damages from all Defendants for physical injury, emotional and

psychological torment, distress, past, present and future compensatory damages, punitive

damages, attorneys' fees, costs, and experts' fees for this action in an amount to be determined.

22

**Deleted:** , Police Officer REMY SUSINI (#293), Police Officer ROMANO (#995), …

**Deleted:** ; Lieutenant GELESKI, Police Officer JOHN DOE and Police Officer JANE DOE…

**Deleted:** s

**Deleted:** and THE CITY OF YONKERS POLICE DEPARTMENT.¶

**Deleted:** <#>On the afternoon of May 19, 2016, defendants Police Officer VINCENT GURGIGNO, Jr. (#314), ANNA GURGIGNO and VINCENT GURGIGNO, SR., sought the issuance of criminal process against Plaintiff, including institution of criminal charges and procuring Plaintiff's false arrest, by knowingly providing false statements to the YPD Officers representing that Plaintiff had assaulted Ms. Gurgigno, which information Police Officer VINCENT GURGIGNO, Jr. (#314), ANNA GURGIGNO and VINCENT GURGIGNO, SR., knew to be false at the time the statements were given to the YPD, because of an unjustifiable desire to harm Plaintiff.¶

**Deleted:** defendants Police Officer VINCENT GURGIGNO, Jr. (#314), Sergeant JAMES McGOVERN (#103), Police Officer PATRICK SALIERNO (#987), Police Officer REMY SUSINI (#293), Police Officer ROMANO (#995), Lieutenant FOLEY, Lieutenant GELESKI, Police Officer JOHN DOE and Police Officer JANE DOEDefen

**Deleted:** assisting defendants Police Officer VINCENT GURGIGNO, Jr. (#314), ANNA GURGIGNO and VINCENT GURGIGNO, SR. in crafting false statements to inculpate Plaintiff, and fa

**Deleted:** interruption and loss of business and business opportunities, loss of earnings, loss of credit,  and other financial

**X.** **TENTH CAUSE OF ACTION – UNREASONABLE/EXCESSIVE USE OF FORCE
(Pursuant to State Law against defendants THE CITY OF YONKERS and Police
Officer PATRICK SALIERNO (#987))**

116.    Paragraphs 1 through 115 of this Amended Complaint are hereby realleged and
incorporated by reference herein.

117.    At all relevant times, defendant Police Officer PATRICK SALIERNO (#987),
was acting within the scope of his employment and in furtherance of the duties owed to his
employer defendant THE CITY OF YONKERS.

118.    Defendant Police Officer PATRICK SALIERNO (#987) in arresting, detaining,
handcuffing, placing Plaintiff in a police vehicle, subjecting Plaintiff to unreasonable and
unjustifiable search, placing their hands upon Plaintiff in the course thereof, transporting Plaintiff
and detaining Plaintiff without cause and for an impermissible period of time, including without
limitation, violently throwing Plaintiff into the back of the police vehicle, detaining Plaintiff in
the police vehicle, which was not running, for approximately two (2) hours in the hot sun with
the windows and doors shut, and transporting Plaintiff to booking via an indirect route,
traversing curves and turning corners at a high rate of speed so as to knock Plaintiff around in the
back seat of the police vehicle, utilized unreasonable and/or excessive force against Plaintiff.

119.    As a direct and proximate result of the aforesaid unlawful actions, Plaintiff has
suffered and will continue to suffer damages, including loss of liberty, bodily injuries and
aggravation of existing bodily injuries, mental anguish, insomnia, emotional injuries, pain and
suffering from the incident and its aftermath, embarrassment, humiliation, shame, indignity,
damages to reputation, special damages,  and other damages that the claimant has incurred or
will incur, including attorneys' fees, costs, and expenses.

120.    Plaintiff seeks damages from defendants THE CITY OF YONKERS and Police
Officer PATRICK SALIERNO (#987) for physical injury, emotional and psychological torment,

23

Deleted: NINTH

Deleted: , THE CITY OF YONKERS POLICE DEPARTMENT, Police Officer VINCENT GURGIGNO, Jr. (#314), Sergeant JAMES McGOVERN (#103), Police Offi

Deleted: , Police Officer REMY SUSINI (#293), Police Officer ROMANO (#995), Lieutenant FOLEY, Lieutenant GELESKI, Police Officer JOHN DOE and Police Officer JANE DOE…

Deleted: 118

Deleted: Verified

Deleted: ¶

————————Page Break————————
A

Deleted: s

Deleted: Police Officer VINCENT GURGIGNO, Jr. (#314), Sergeant JAMES McGOVERN (#103), Police Officer PATRICK

Deleted: Police Officer REMY SUSINI (#293), Police Officer ROMANO (#995), Lieutenant FOLEY, Lieutenant GELESKI, Police Officer JOHN DOE and Police Officer JANE DOE were…

Deleted: their

Deleted: their

Deleted: s

Deleted:  and THE CITY OF YONKERS POLICE DEPARTMENT.

Deleted: s

Deleted: Police Officer VINCENT GURGIGNO, Jr. (#314), Sergeant JAMES McGOVERN (#103), Police Officer PATRICK

Deleted: , Police Officer REMY SUSINI (#293), Police Officer ROMANO (#995), Lieutenant FOLEY, Lieutenant GELESKI, Police Officer JOHN DOE and Police Officer JANE DOE …

Deleted: ,

Deleted: THE CITY OF YONKERS POLICE DEPARTMENT, Police Officer VINCENT GURGIGNO, Jr. (#314), Sergeant JAMES McGOVERN (#103),…

Deleted: , Police Officer REMY SUSINI (#293), Police Officer ROMANO (#995), Lieutenant FOLEY, Lieutenant GELESKI, Police Officer JOHN DOE and Police Officer JANE DOE …

distress, past, present and future compensatory damages, punitive damages, attorneys' fees, costs, and experts' fees for this action in an amount to be determined.

## JURY DEMAND

121.   Plaintiff demands a jury trial on all issues.

WHEREFORE, plaintiff MARLAINA KOLLER-GURGIGNO demands judgment against Defendants as follows:

1)      On the First Cause of Action against defendant Police Officer VINCENT GURGIGNO, Jr. (#314) awarding Plaintiff compensatory and punitive damages as permitted by law in an amount to be determined by the jury, together with the costs of this action and such other and further relief as this Court deems just and equitable;

2)      On the Second Cause of Action against defendant Sergeant JAMES McGOVERN (#103) awarding Plaintiff compensatory and punitive damages as permitted by law in an amount to be determined by the jury, attorneys' fees pursuant to 42 U.S.C. § 1988, costs of the suit pursuant to 42 U.S.C. §§ 1920 and 1988, together with such other and further relief as this Court deems just and equitable;

3)      On the Third Cause of Action against defendants Police Officer VINCENT GURGIGNO, Jr. (#314), Sergeant JAMES McGOVERN (#103), Police Officer PATRICK SALIERNO (#987) and Lieutenant JEREMIAH FOLEY awarding Plaintiff compensatory and punitive damages as permitted by law in an amount to be determined by the jury, attorneys' fees pursuant to 42 U.S.C. § 1988, costs of the suit pursuant to 42 U.S.C. §§ 1920 and 1988, together with such other and further relief as this Court deems just and equitable;

4)      On the Fourth Cause of Action against defendant Police Officer PATRICK SALIERNO (#987) awarding Plaintiff compensatory and punitive damages as permitted by law in an amount to be determined by the jury, attorneys' fees pursuant to 42 U.S.C. § 1988, costs of

24

---

Deleted: ¶

Formatted: Centered, No bullets or numbering

Deleted: **TENTH CAUSE OF ACTION – INTENTIONAL, RECKLESS AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS¶**
**(Pursuant to State Law against defendants THE CITY OF YONKERS, THE CITY OF YONKERS POLICE DEPARTMENT, Police Officer VINCENT GURGIGNO, Jr. (#314), Sergeant JAMES McGOVERN (#103), Police Officer PATRICK SALIERNO (#987), Police Officer REMY SUSINI (#293), Police Officer ROMANO (#995), Lieutenant FOLEY, Lieutenant GELESKI, Police Officer JOHN DOE and Police Officer JANE DOE)¶**
¶
Paragraphs 1 through 123 of this Verified Complaint are hereby realleged and incorporated by reference herein.¶
At all relevant times, defendants Police Officer VINCENT GURGIGNO, Jr. (#314), Sergeant JAMES McGOVERN (#103), Police Officer PATRICK SALIERNO (#987), Police Officer REMY SUSINI (#293), Police Officer ROMANO (#995), Lieutenant FOLEY, Lieutenant GELESKI, Police Officer JOHN DOE and Police Officer JANE DOE were acting within the scope of their employment and in furtherance of the duties owed to their employer defendants THE CITY OF YONKERS and THE CITY OF YONKERS POLICE DEPARTMENT.¶
――――――――――――――Page Break――――――――――――――
The aforesaid actions of Defendants Police Officer VINCENT GURGIGNO, Jr. (#314), Police Officer PATRICK SALIERNO (#987), Police Officer REMY SUSINI (#293), Police Officer ROMANO (#995), Lieutenant FOLEY, Lieutenant GELESKI, Police Officer JOHN DOE and Police Officer JANE DOE were willful, intentional, malicious, reckless, negligent and/or careless thereby inflicting great and lasting emotional distress upon Plaintiff. ¶
The aforesaid conduct was so shocking and outrageous that it exceeded all reasonable bounds of decency causing Plaintiff severe emotional distress. ¶
As a direct and proximate result of the aforesaid unlawful actions, Plaintiff was publicly embarrassed and humiliated, put in fear of her health and safety, put in fear of further assault and pain, was caused great, ongoing, and permanent anxiety, was caused to feel pathological fear of law enforcement and legal process, and was otherwise caused severe emotional distress. ¶
Plaintiff seeks damages from defendants THE CITY OF

Formatted: Left, Indent: Left: 0", First line: 0.5", Line spacing: Double, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.75" + Indent at: 1"

Deleted: <#>TWELFTH CAUSE OF ACTION – NEGLIGENT TRAINING, SUPERVISION AND DISCIPLINE¶
(Pursuant to State Law against defendants THE CITY OF YONKERS and THE CITY OF YONKERS POLICE

Deleted: Second

Deleted: , Police Officer REMY SUSINI (#293), Police Officer ROMANO (#995), …

Deleted: , Lieutenant GELESKI, Police Officer JOHN DOE and Police Officer JANE DOE …

Deleted: Third

Deleted: s

Deleted: Police Officer VINCENT GURGIGNO, Jr. (#314), Sergeant JAMES McGOVERN (#103), …

Deleted: , Police Officer REMY SUSINI (#293), Police Officer ROMANO (#995), Lieutenant FOLEY, Lieutenant GELESKI, Police Officer JOHN DOE and Police Officer JANE DOE…

the suit pursuant to 42 U.S.C. §§ 1920 and 1988, together with such other and further relief as

this Court deems just and equitable;

     5)     On the Fifth Cause of Action against defendants Police Officer VINCENT

GURGIGNO, Jr. (#314), Sergeant JAMES McGOVERN (#103), Police Officer PATRICK

SALIERNO (#987) and Lieutenant JEREMIAH FOLEY, awarding Plaintiff compensatory and

punitive damages as permitted by law in an amount to be determined by the jury, attorneys' fees

pursuant to 42 U.S.C. § 1988, costs of the suit pursuant to 42 U.S.C. §§ 1920 and 1988, together

with such other and further relief as this Court deems just and equitable;

     6)     On the Sixth Cause of Action against defendant THE CITY OF YONKERS

awarding Plaintiff compensatory and punitive damages as permitted by law in an amount to be

determined by the jury, attorneys' fees pursuant to 42 U.S.C. § 1988, costs of the suit pursuant to

42 U.S.C. §§ 1920 and 1988, together with such other and further relief as this Court deems just

and equitable;

     7)     On the Seventh Cause of Action against all Defendants awarding Plaintiff

compensatory and punitive damages as permitted by law in an amount to be determined by the

jury, together with the costs of this action and such other and further relief as this Court deems

just and equitable;

     8)     On the Eighth Cause of Action against all Defendants awarding Plaintiff

compensatory and punitive damages as permitted by law in an amount to be determined by the

jury, together with the costs of this action and such other and further relief as this Court deems

just and equitable;

     9)     On the Ninth Cause of Action against all Defendants awarding Plaintiff

compensatory and punitive damages as permitted by law in an amount to be determined by the

jury, together with the costs of this action and such other and further relief as this Court deems

25

---

**Deleted:** Fourth

**Deleted:** , Police Officer REMY SUSINI (#293), Police Officer ROMANO (#995), …

**Deleted:** ,

**Deleted:** Lieutenant GELESKI, Police Officer JOHN DOE and Police Officer JANE DOE …

**Deleted:** Fifth

**Deleted:** s

**Deleted:** and THE CITY OF YONKERS POLICE DEPARTMENT …

**Deleted:** Sixth

**Deleted:** defendants THE CITY OF YONKERS, THE CITY OF YONKERS POLICE DEPARTMENT, Police Officer VINCENT GURGIGNO, Jr. (#314), Sergeant JAMES McGOVERN (#103), Police Officer PATRICK SALIERNO (#987), Police Officer REMY SUSINI (#293), Police Officer ROMANO (#995), Lieutenant FOLEY, Lieutenant GELESKI, Police Officer JOHN DOE and Police Officer JANE DOEall

**Deleted:** Seventh

**Deleted:** defendants THE CITY OF YONKERS, THE CITY OF YONKERS POLICE DEPARTMENT, Police Officer VINCENT GURGIGNO, Jr. (#314), Sergeant JAMES McGOVERN (#103), Police Officer PATRICK SALIERNO (#987), Police Officer REMY SUSINI (#293), Police Officer ROMANO (#995), Lieutenant FOLEY, Lieutenant GELESKI, Police Officer JOHN DOE, Police Officer JANE DOE, ANNA GURGIGNO and VINCENT GURGIGNO, SR.,…

**Deleted:** Eighth

**Deleted:** defendants THE CITY OF YONKERS, THE CITY OF YONKERS POLICE DEPARTMENT, Police Officer VINCENT GURGIGNO, Jr. (#314), Sergeant JAMES McGOVERN (#103), Police Officer PATRICK SALIERNO (#987), Police Officer REMY SUSINI (#293), Police Officer ROMANO (#995), Lieutenant FOLEY, Lieutenant GELESKI, Police Officer JOHN DOE, Police Officer JANE DOE, ANNA GURGIGNO and VINCENT GURGIGNO, SR.,…

just and equitable;

      10)    On the Tenth Cause of Action against defendants THE CITY OF YONKERS, and

Police Officer PATRICK SALIERNO (#987) awarding Plaintiff compensatory and punitive

damages as permitted by law in an amount to be determined by the jury, together with the costs

of this action and such other and further relief as this Court deems just and equitable;

Dated: White Plains, New York
       June ___, 2020

                       **BLEAKLEY PLATT & SCHMIDT, LLP**

                       By:_____
                         John P. Hannigan, Esq.
                         Justin M. Gardner, Esq.
                         *Attorneys for Plaintiff*
                         One North Lexington Ave. – 7th Floor
                         White Plains, NY 10601
                         Tel. No.:  (914) 949-2700

TO:    Darius P. Chafizadeh, Esq.
       Mathew T. Dudley, Esq.
       HARRIS BEACH, PLLC
       *Attorneys for Defendants*
       445 Hamilton Avenue – Suite 1206
       White Plains, NY  10601
       Tel. No.:  (914) 683-1200

**Deleted:** Ninth

**Deleted:** ,

**Deleted:** THE CITY OF YONKERS POLICE DEPARTMENT, Police Officer VINCENT GURGIGNO, Jr. (#314), Sergeant JAMES McGOVERN (#103),

**Deleted:** , Police Officer REMY SUSINI (#293), Police Officer ROMANO (#995), Lieutenant FOLEY, Lieutenant GELESKI, Police Officer JOHN DOE and Police Officer JANE DOE …

**Deleted:** <#>On the Tenth Cause of Action against defendants THE CITY OF YONKERS, THE CITY OF YONKERS POLICE DEPARTMENT, Police Officer VINCENT GURGIGNO, Jr. (#314), Sergeant JAMES McGOVERN (#103), Police Officer PATRICK SALIERNO (#987), Police Officer REMY SUSINI (#293), Police Officer ROMANO (#995), Lieutenant FOLEY, Lieutenant GELESKI, Police Officer JOHN DOE and Police Officer JANE DOE awarding Plaintiff compensatory and punitive damages as permitted by law in an amount to be determined by the jury, together with the costs of this action and such other and further relief as this Court deems just and equitable.¶
<#>On the Eleventh Cause of Action against defendants THE CITY OF YONKERS, THE CITY OF YONKERS POLICE DEPARTMENT, Police Officer VINCENT GURGIGNO, Jr. (#314), Sergeant JAMES McGOVERN (#103), Police Officer PATRICK SALIERNO (#987), Police Officer REMY SUSINI (#293), Police Officer ROMANO (#995), Lieutenant FOLEY, Lieutenant GELESKI, Police Officer JOHN DOE and Police Officer JANE DOE awarding Plaintiff compensatory and punitive damages as permitted by law in an amount to be determined by the jury, together with the costs of this action and such other and further relief as this Court deems just and equitable; and¶
————————Page Break————————
On the Fifth Cause of Action against defendants THE CITY OF YONKERS and THE CITY OF YONKERS POLICE DEPARTMENT awarding Plaintiff compensatory and punitive damages as permitted by law in an amount to be determined by the jury, together with the costs of this action and such other and further relief as this Court deems just and equitable.¶