UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MARLAINA KOLLER-GURGIGNO,                 :
            Plaintiff,                                                          :
v.                                                                           :
                                               :        **OPINION AND ORDER**
THE CITY OF YONKERS; POLICE OFFICER   :
VINCENT GURGIGNO, JR.; SERGEANT         :        18 CV 98 (VB)
JAMES MCGOVERN; POLICE OFFICER          :
PATRICK SALIERNO; and LIEUTENANT       :
JEREMIAH FOLEY,                                          :
            Defendants.                                                     :
-------------------------------------------------------------x

Briccetti, J.:

       Plaintiff Marlaina Koller-Gurgigno brings this action pursuant to 42 U.S.C. § 1983 and New York state law against defendants the City of Yonkers, Police Officer ("P.O.") Vincent Gurgigno, Jr., Sergeant ("Sgt.")James McGovern, P.O. Patrick Salierno, and Lieutenant ("Lt.") Jeremiah Foley.

       Now pending is plaintiff's motion for leave to amend the complaint. (Doc. #66).

       For the following reasons, the motion is DENIED.

       The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

       The Court assumes the parties' familiarity with the factual and procedural background of this case, and recites herein only those facts necessary to adjudicate the pending motion.

       This action is based upon two alleged incidents: one in March 2016 and the other in May 2016. Plaintiff claims she contacted the Yonkers Police Department ("YPD") on March 19, 2016, for assistance after a domestic dispute between her and her then-husband, P.O. Gurgigno. According to plaintiff, Sgt. McGovern and another officer responded to the scene, but Sgt. McGovern refused to file a report or to arrest P.O. Gurgigno. Plaintiff alleges Sgt. McGovern

told her she could not remove her children from the residence that night.  Consequently, plaintiff decided to stay at the residence.  Plaintiff alleges P.O. Gurgigno forcibly raped her that night.  Regarding the second incident, plaintiff claims P.O. Gurgigno, his parents, and members of the YPD, including Sgt. McGovern, P.O. Salierno, and Lt. Foley, acted in concert falsely to arrest, imprison, and maliciously prosecute plaintiff without probable cause after P.O. Gurgigno's mother "violently attacked and assaulted [p]laintiff on May 19, 2016."  (Doc. #1-1 ¶ 1).

This case was initially commenced in Supreme Court, Westchester County, on October 3, 2017, and removed by defendants to this Court on January 5, 2018.  After defendants filed answers to the complaint, the Court, on May 11, 2018, held an initial pretrial conference and issued a Civil Case Discovery Plan and Scheduling Order.  (Doc. #16).  In relevant part, the Order provides:  "Amended pleadings may not be filed . . . except with leave of the Court.  Any motion to amend or to join additional parties shall be filed by June 11, 2018."  (Id. ¶ 3).  The Court subsequently granted four requests by the parties for discovery extensions.  (Docs. ##36, 40, 46, 51).  At no point did any party request—nor did the Court grant—an extension of the June 11, 2018, deadline to move for leave to amend.

On June 18, 2020, more than two years after the deadline expired, plaintiff filed the instant motion for leave to amend along with a proposed amended complaint.  (Docs. ##66, 67-1).  The proposed amended complaint adds an additional Section 1983 cause of action, alleging Sgt. McGovern deprived plaintiff of substantive due process on the night of the alleged rape by enhancing the danger that P.O. Gurgigno would harm her, by declining to arrest P.O. Gurgigno, failing to offer protective services to plaintiff and her children, and instructing her that if she

wanted to stay with her children, she would have to remain at the residence with P.O. Gurgigno. (See Doc. #67-1 ¶¶ 2, 63-67).[1]

## DISCUSSION

I.   Legal Standards

Rule 15 provides that courts "should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). But courts have "discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).[2]

Rule 16(b)(4) applies when a party moves to amend a pleading after the court-ordered deadline to do so has expired. It provides that a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Under this rule, a court may deny leave to amend if the movant "has failed to establish good cause" for why the deadline could not reasonably have been met. Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000). "'[G]ood cause' depends on the diligence of the moving party," id., and is lacking if "the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline," Enzymotec Ltd. v. NBTY, Inc., 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010). A court may deny leave to amend for lack of diligence even if amendment would not prejudice the non-movant. See Gullo v. City of New York, 540 F. App'x 45, 47 (2d Cir. 2013) (summary

---

[1]   The amended complaint also withdraws plaintiff's state-law causes of action for intentional infliction of emotional distress/negligent infliction of emotional distress, negligence/gross negligence, and negligent training, supervision, and discipline. It also corrects a mistake of chronology in the original complaint. Previously, plaintiff had voluntarily dismissed claims against various defendants named in the original complaint. (Doc. #57).

[2]   Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

order).  The policy behind Rule 16(b) is to "assure[] that at some point both the parties and the pleadings will be fixed."  Fed. R. Civ. P. 16 advisory committee's notes to 1983 amendment.

"There is an obvious tension between Rules 15(a) and 16(b).  On one hand, Rule 15(a) directs the court to grant leave to amend 'freely.'  On the other hand, Rule 16(b) states that the court should not amend a scheduling order without a showing of 'good cause.'"  Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc., 304 F.R.D. 170, 175 (S.D.N.Y. 2014).  In navigating this recognized tension, courts in this district have held that "a trial court may choose to apply the 'good cause' standard and consider only the moving party's diligence, but it also has discretion to consider factors that are typically part of the Rule 15(a) analysis."  Ramsay-Nobles v. Keyser, 2018 WL 6985228, at *7 (S.D.N.Y. Dec. 18, 2018).

II.     Application

The Court, in an exercise of its discretion, denies leave to amend.

First, plaintiff has not demonstrated diligence in trying to meet the June 11, 2018, deadline to move to amend the complaint.  Plaintiff provides no explanation—much less good cause—for such failure.  Rather, plaintiff attempts to justify her late application by claiming she did not seek leave to amend prior to the deadline or request an extension to do so because she determined at that time there were no additional police officers she intended to add as defendants. But plaintiff wishes to amend now in response to an argument in a footnote in defendants' letter requesting a pre-motion conference in anticipation of moving for summary judgment.  In the letter, defendants argue plaintiff's state law civil rape tort claim against P.O. Gurgigno, the sole cause of action concerning the events of March 19, 2016, should be dismissed for lack of jurisdiction.  (Doc. #62).  Recognizing this oversight, plaintiff requests the Court overlook her lack of diligence and allow her to amend the complaint two years after the deadline

4

expired.  But the fact that plaintiff's counsel did not think to assert a Section 1983 claim arising out of the same facts as her state law civil rape tort claim is not an excuse for late amendment. See Scott v. City of New York Dep't of Corr., 2007 WL 4178405, at *4 (S.D.N.Y. Nov. 26, 2007) (plaintiff's attorney's mistake or inadvertence does not support finding of good cause under Rule 16).

Further, this is not a case in which new information gleaned from discovery created the basis for bringing the new claim.  As plaintiff herself explained, "[t]he proposed Amended Complaint does not add any allegations concerning new factual events that were not already contained in the original Complaint, but [] merely adds a new theory of liability based upon the previously pled facts."  (Doc. #68 at 7).  In other words, plaintiff knew all the facts necessary to assert the newly-asserted Section 1983 claim well before the June 11, 2018, deadline.  "A party cannot make [a showing of diligence] when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline."  Lee v. Kylin Mgmt. LLC, 2019 WL 917097, at *1 (S.D.N.Y. Feb. 25, 2019).

Plaintiff argues that even when the lenient standard of Rule 15(a) is to be balanced against the stricter requirements of Rule 16(b), it is well-settled that in the absence of bad faith or prejudice, delay is an insufficient reason to deny leave to amend.  Plaintiff is wrong.  "[D]espite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause."  Parker v. Columbia Pictures Indus., 204 F.3d at 340.

In short, plaintiff has failed to establish good cause for failing to meet the June 11, 2018, deadline.

5

## CONCLUSION

The motion for leave to file an amended complaint is DENIED.

Defendants' motion for summary judgment shall be filed by December 31, 2020.

Plaintiff's opposition shall be filed by February 1, 2021. Defendants' reply, if any, shall be filed by February 16, 2021.

The Clerk is instructed to terminate the motion. (Doc. #66).

Dated: November 16, 2020
       White Plains, NY

                              SO ORDERED:

                              _____
                              Vincent L. Briccetti
                              United States District Judge