UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MARLAINA KOLLER-GURGIGNO,       :
                 Plaintiff,     :
v.                            :
                            :     **MEMORANDUM**
THE CITY OF YONKERS; POLICE OFFICER  :    **OPINION AND ORDER**
VINCENT GURGIGNO, JR.; SERGEANT    :
JAMES MCGOVERN; POLICE OFFICER    :    18 CV 98 (VB)
PATRICK SALIERNO; and LIEUTENANT    :
JEREMIAH FOLEY,                 :
                 Defendants.    :
--------------------------------------------------------------x

Briccetti, J.:

Plaintiff Marlaina Koller-Gurgigno brings this action pursuant to 42 U.S.C. § 1983 and

New York state law against defendants the City of Yonkers, Police Officer Vincent Gurgigno,

Jr., Sergeant James McGovern, Police Officer Patrick Salierno, and Lieutenant Jeremiah Foley.

Now pending is plaintiff's motion to voluntarily dismiss her federal claims with prejudice

and to remand her state-law claims to state court.  (Doc. #76).

For the following reasons, the motion is GRANTED.

## BACKGROUND

The Court assumes the parties' familiarity with the factual and procedural background of

this case, and recites herein only those facts necessary to adjudicate the pending motion.

This case was initially commenced in Supreme Court, Westchester County, on October

31, 2017, and removed by defendants to this Court on January 5, 2018.  The basis for removal

was that the complaint contained several Section 1983 claims for false arrest/false imprisonment,

excessive force, malicious prosecution/abuse of process, and a Monell claim against the City of

Yonkers.  After defendants answered the complaint, the Court held an initial pretrial conference

1

and issued a Civil Case Discovery Plan and Scheduling Order.  (Doc. #16).  The Court later granted four requests for discovery extensions.  (Docs. ##36, 40, 46, 51).

On November 16, 2020, the Court denied plaintiff's motion for leave to amend the complaint to add an additional Section 1983 claim for denial of substantive due process, concluding plaintiff failed to show good cause for seeking to amend after the deadline set forth in the Court's scheduling order.  (Doc. #73).

Thereafter, plaintiff filed the instant motion, seeking an order permitting her to voluntarily dismiss her federal claims with prejudice and remanding her state-law claims to Supreme Court, Westchester County, pursuant to 28 U.S.C. § 1367(c)(3).

Defendants oppose, in part, the relief requested in plaintiff's motion.  Specifically, defendants expressly state they do not oppose plaintiff's request to voluntarily dismiss her federal claims, but they do oppose remanding the remaining claims, all of which allege violations of New York state law, to state court.  Defendants argue the Court should retain supplemental jurisdiction over plaintiff's state law claims and consider their impending motion for summary judgment with respect to those claims.

## DISCUSSION

### I.   <u>Voluntary Dismissal of Federal Claims</u>

Plaintiff requests that the Court issue an order pursuant to Fed. R. Civ. P. 41(a)(2) permitting her to voluntarily dismiss with prejudice her federal causes of action, all of which allege violations of her civil rights pursuant to Section 1983.

The Court, in an exercise of its discretion, will dismiss plaintiff's federal claims.

As noted above, defendants expressly state they do not oppose plaintiff's request to dismiss her federal claims.  Nevertheless, they argue the Court should construe plaintiff's motion

as one to amend the complaint and deny it for the same reasons the Court denied plaintiff's previous motion to amend the complaint to add a new claim.[1]  The Court declines to do so.

Although the Second Circuit has not addressed whether a claim (as opposed to an action) is properly dismissed under Rule 15 or Rule 41(a), "the dispute is substantively inconsequential." ING Bank, N.V. v. M/V African Swan, 2017 WL 1080078, at *3 (S.D.N.Y. Mar. 9, 2017). Indeed, under both rules, the Court is accorded considerable discretion in deciding whether to permit an amendment withdrawing a claim, and amendment should be permitted absent a finding of prejudice to the opposing party.  See id.[2]

Here, plaintiff requests that her federal claims be dismissed with prejudice.  Defendants do not oppose this request and will not be prejudiced by the dismissal.  Indeed, the Court sees no reason to litigate claims that are not in dispute.

Accordingly, plaintiff's federal claims are dismissed with prejudice.

---

[1]     In its November 16, 2020, Opinion and Order, the Court denied plaintiff's request to amend her complaint to add an additional Section 1983 claim.  (Doc. #73).  In doing so, the Court applied the "good cause" standard under Rule 16(b)(4) and considered only plaintiff's lack of diligence in trying to meet the June 11, 2018, deadline to move to amend the complaint.  As an initial matter, defendants do not argue that a motion to withdraw some claims is governed by Rule 16.  And, even if it was, as the Court noted in its prior opinion, when deciding a motion under Rule 16, a court has discretion to consider factors that are typically part of the Rule 15(a) analysis, including futility, bad faith, undue delay, or undue prejudice to the opposing party.  See Ramsay-Nobles v. Keyser, 2018 WL 6985228, at *7 (S.D.N.Y. Dec. 18, 2018).  Here, these factors would overwhelmingly favor amendment:  plaintiff's request to voluntarily dismiss her federal claims with prejudice would not be futile, was not brought in bad faith, and would benefit defendants, not unduly prejudice them.

[2]     There are few cases explicitly dealing with the discretion afforded the Court when a plaintiff seeks to withdraw her claims with prejudice.  See, e.g., D'Alto v. Dahon Cal., Inc., 100 F.3d 281, 283 (2d Cir. 1996) ("A voluntary dismissal without prejudice under Rule 41(a)(2) will be allowed if the defendant will not be prejudiced thereby."); ING Bank, N.V. v. M/V African Swan, 2017 WL 1080078, at *3 ("[T]he trial court has considerable discretion in deciding whether to allow an amendment that withdraws a claim without prejudice.").  Indeed, it is exceedingly rare for such requested relief to be opposed.  Nevertheless, the Court has no reason to doubt that it is afforded the same discretion when deciding whether to grant a plaintiff's motion to withdraw a claim with prejudice.

II.     <u>Remand to State Court</u>

Defendants request the Court exercise its discretion and retain supplemental jurisdiction over plaintiff's state-law claims because, according to defendants, remand to state court would unduly prejudice defendants.

The Court disagrees and declines to exercise supplemental jurisdiction.

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  Nevertheless, a district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3); <u>Kolari v. New York-Presbyterian Hosp.</u>, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.").  In determining whether to exercise supplemental jurisdiction over state-law claims, a district court should consider "the values of judicial economy, convenience, fairness, and comity."  <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 (1988).  However, "if a plaintiff's federal claims are dismissed before trial, the state-law claims <u>should</u> be dismissed as well."  <u>Oneida Indian Nation of N.Y. v. Madison Cty.</u>, 665 F.3d 408, 437 (2d Cir. 2011) (emphasis added); <u>see also</u> <u>Norton v. Town of Islip</u>, 678 F. App'x 17, 22 (2d Cir. 2017) (summary order) ("[I]n the absence of any surviving federal claims, . . . the balance of factors to be considered under the pendent jurisdiction doctrine— judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

Here, defendants will suffer no prejudice by litigating the state-law claims in state court.

First, although defendants argue they have already expended significant time and resources towards preparing the impending motion for summary judgment, those arguments, research, and work product will be equally applicable in state court. That defendants have dedicated substantial time to researching controlling case law in the Second Circuit is unpersuasive. It has long been established that "[a] federal court exercising supplemental jurisdiction over state-law claims must apply the substantive law of the state." Walker v. Carter, 210 F. Supp. 3d 487, 499 (S.D.N.Y. 2016) (citing United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966)); see Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938) (federal courts are bound to apply state law to state claims). Certainly, the research defendants have completed will be useful for any summary judgment motion filed in state court.

Second, this Court's supposed familiarity with plaintiff's factual allegations does not weigh in favor of denying plaintiff's request to remand the action. In the three years that this case has been pending, the Court has not had occasion to address the merits of any of plaintiff's claims—defendants did not file a motion to dismiss and have not yet filed their motion for summary judgment. Rather, the majority of the last three years has consisted of pretrial discovery due to the parties' multiple requests to extend discovery deadlines. Furthermore, all of the discovery conducted will be equally applicable in state court.

Accordingly, any purported prejudice towards defendants does not outweigh the principle of leaving questions of state law to state courts. See Kolari v. New York-Presbyterian Hosp., 455 F.3d at 123 ("[W]e can discern no extraordinary inconvenience or inequity occasioned by

permitting the claims to be refiled in state court where they will be afforded a 'surer-footed reading of applicable law.'") (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. at 726).

Having dismissed the claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over plaintiff's remaining state-law claims and will thus remand the action back to state court.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. at 345.

## CONCLUSION

The motion to dismiss plaintiff's federal claims with prejudice and to remand her state-law claims to state court is GRANTED.

The Clerk is instructed to terminate the motion.  (Doc. #76).

The Clerk is further instructed to remand this case to Supreme Court, Westchester County.

Dated: February 8, 2021
       White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge